241557. Good afternoon, your honors. Tricia Farrow on behalf of Mark Buller and Sarah Beattie. The code section 6213A filing deadline is a quintessential claim processing rule. Like the many other filing deadlines, the Supreme Court has repeatedly said are non-jurisdictional. Section 6213A contains a 90-day filing deadline for taxpayers to challenge an IRS notice of deficiency. For the past few decades, the Supreme Court has made a clear effort to restrain the use of the term jurisdiction because deadlines and pre-filing requirements that deprive a court of jurisdiction come with very harsh consequences. The Supreme Court creates... Can I just... I mean, I want to get back to these legal arguments, but just as a practical matter, it seems to me that the request made by your clients didn't ever offer a basis that would support equitable tolling. Am I wrong about that? All that basically says is that you think it would be more efficient to allow this to be consolidated with other petitions, right? Yes, that is what our response to the motion to dismiss for lack of jurisdiction said. However, there are more facts that the taxpayers would present if they were given an opportunity about why the petition was filed late. Unfortunately, those facts are not in their record before us. But because equitable tolling is such a case-specific and fact-intensive inquiry, we believe it should be remanded back to the tax court. Did you even attempt to make a case for equitable tolling in the event that the tax court determined that the provision was non-jurisdictional? I personally did not. I was not on that case. I don't mean you. I mean whoever... My understanding after reading... I mean, I read the motion, the response to the motion, and it's... It's only three pages long, right? Yes. I think the understanding there was that the tax court at that time had definitively called this rule jurisdictional. So the intent was just to preserve an equitable tolling argument in the hopes that we could get back to tax court and actually put the facts in front of the court. Well, wait. I mean, it's an objection to a motion to dismiss for lack of jurisdiction.  It's not... I mean, so the tax court hadn't yet acted when this was filed. No, but its position on this deadline is very clear after the Hallmark case. So I think the intent of the trial counsel is just to preserve the equitable tolling argument so that if we came back to tax court, then we could brief it in full and explain the full circumstances. Well, I mean, it's sort of a two-step process. It seems less efficient, actually. But anyway, go ahead. So the Supreme Court has created a clear statement rule to determine whether a deadline is jurisdictional, and that rule erects a very high bar. It is rare that a filing deadline will deprive a court of jurisdiction. And when a filing deadline is not jurisdictional, there is a strong presumption that equitable tolling will apply. The 90-day deadline in Section 6213 is not one of the rare deadlines that carry jurisdictional consequences. And this is evident for numerous reasons. First, Code Section 6213 does not speak in jurisdictional terms. It states that within 90 days after a notice of deficiency is mailed, the taxpayer may file a petition with the tax court for a redetermination of that deficiency. It says only what the taxpayer may do. It does not say what the tax court must do. It does not say the tax court... May I ask you a question? So have you been able to find a decision from our court where we have clearly held, not assumed, not anything else, that the provision is jurisdictional? No, Your Honor. As far as I'm aware, all of this court's decisions that have mentioned 6213 have made a drive-by jurisdictional ruling in which they say in passing that the deadline is jurisdictional. This similar issue was presented to this court in Donnelly v. Controlled Application Review and Resolution Program, where there was a previous case from the circuit that had called the... I think it was an exhaustion agreement that had called that jurisdictional. The exact words from the prior opinion said that the failure to meet the exhaustion requirement negated the court's jurisdiction. And this court in Donnelly said that that was a drive-by jurisdictional ruling because it had not engaged in the clear statement test from the Supreme Court. So, so far, this court has not made an analysis based on the clear statement rule with the section 6213 filing deadline. Second, there is no clear tie between the tax court's jurisdictional grant and the 90-day deadline. And the Supreme Court demands that there be a clear link. Separation of the filing deadline from the court's jurisdictional link is good evidence that the deadline is not meant to be jurisdictional. For example, in Bokler, a similar issue was presented, but there the deadline considered was in section 6330. And that section 6330 contained both the deadline and the jurisdictional grant in the exact same sentence. But the Supreme Court said that was not enough because the clear link was missing. Here, the tax court's jurisdictional grant to redetermine a deficiency is contained in section 6214, separate from the deadline in section 6213. Section 6214 states the tax court shall have jurisdiction to determine the correct amount of deficiency, even if it exceeds the amount stated in the commissioner's notice. Section 6213 does not address the court's power to redetermine deficiencies. It's section 6214. And that separation of the jurisdictional grant from the deadline is strong evidence that the deadline is not jurisdictional. So 6213A, I mean, you're right, the beginning sentence says one thing, but then it does, at the end of A, talk about the tax court's jurisdiction. Tax court shall have no jurisdiction to enjoin any action or proceeding or any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed. So in that sentence, there's a linkage of the sort that I think you were describing earlier. Yes, there's a clear link between the tax court's power to enjoin collection and assessment, and that's clearly tied to the 90-day deadline. But the jurisdictional link between the tax court's ability to hear the merits of the case, there is no clear link between that and the 90-day deadline. And the Supreme Court considered pretty much the exact same argument in Volkler. Code section 6330D had that same language about how the tax court would be enjoined from, would lose their power to enjoin collection action if the petition was not timely filed. And the Supreme Court rejected that argument. I think I'm out of time. Let me just go back briefly to the equitable tolling. And I know that the Third Circuit in Culp may have disagreed with this, but there are indications in 6213A that Congress, just based on the text, had tolling in mind. So there are three areas, arguably, where expressly permitted tolling, which I think you would agree, suggests that equitable tolling, as there are more provisions along those lines, is less likely to have been intended. Would you agree with that? No, Your Honor. You wouldn't agree with that analysis? That if I have 20 things that tell you that here are the things that can provide for tolling, then the idea of equitable tolling fades? Would you agree with that? Yes. Okay. So here there's a taxpayer can file a redetermination if it's within the date specified on the notice of deficiency. That's one. There's a second one. Filing period does not run when the taxpayer is precluded from filing a redetermination petition because you're in bankruptcy. And then there's a third one. The limitation period pauses for any period during which the Secretary of Treasury has extended the time allowed. Why isn't that enough to tell us that Congress, when it wanted to toll a statute, the period rather, it could do so, particularly in the context of a specific provision. And so those are the bases for tolling. And that really also suggests that equitable tolling is not available. I would just agree, Your Honor, because all but one of those exceptions were also present in the collection due process petition deadline that was considered by the court in Volkler. The only exception that wasn't also in Volkler was the taxpayer's ability to rely on the date in the notice of deficiency. And that should not be enough to skew the presumption of equitable tolling because it does not allow for any sort of individual circumstances to be presented. It's clear-cut both sometimes against the government and sometimes against the taxpayer. Now, in Sibelius v. Auburn Regional Medical Center, the court said that that was not subject to equitable tolling. There's a regulation that extended a deadline for up to three years for any good cause shown. And in that case, the Supreme Court explained that exception had effectively already allowed equitable tolling. So a further extension based on good cause was not warranted. But those aren't the type of exceptions that we see here. There is no room for a case-by-case analysis. Thank you. And you've reserved some time for rebuttal, so we'll hear from Mr. Rosenberg. Thank you, Your Honors. May it please the Court, Isaac Rosenberg for the Commissioner of Internal Revenue. Both Judge Loyer and Judge Sullivan asked a question which was on my mind when drafting the brief, that the absence of a proffered basis to support equitable tolling is not reason enough to affirm. And there are two problems with that. The first is a practical problem. If the court were to just assume for the sake of argument that the deadline were not jurisdictional but could be equitably tolled, but that these taxpayers hadn't preserved a basis for tolling and affirm on that basis, in effect you'd be transforming a jurisdictional dismissal and affirming it in the form of a merits dismissal, one for failure to satisfy the deadline, assuming it's not jurisdictional. And that presents a very serious possibility of prejudice. Well, yes, prejudice of the taxpayer. So I think at least these taxpayers would not be satisfied with that result because that's going to be— Prejudice to this taxpayer or prejudice to taxpayers? Both. Both. These taxpayers, if the court were to conclude that because they didn't preserve the factual basis for a tolling argument and would try to affirm the tax court on that basis, you wouldn't be affirming a jurisdictional dismissal and that gets to my second point is if the court were to try to treat that as perhaps a waiver of being able to provide a proper basis for tolling, there is a 2003 published decision, which nobody cited, and I can provide the site, but it stands for the proposition that when the basis for denying a tolling argument is purely legal, the proper course is vacator, not to affirm for failure to preserve the factual basis. So what you're saying, I think, is that if we are going to get to equitable tolling, we should just vacate, send it back to the tax court to figure it out in the first instance? Or are you saying something different? What I'm saying is the court will have no choice but to grapple with whether the deadline is jurisdictional or not, and I don't see a shortcut to jumping to the end to say— If it's not a shortcut, if we agree with her on the points with respect to whether or not this is a claim processing rule and whether or not there is equitable tolling, you seem to be saying then we have to send it back down for the tax court to decide whether or not equitable tolling is appropriate. Yes. We can't do it here based on the lack of facts alleged in the initial objection. No, and what I will emphasize are a couple of things. What we know from this record, we know that the taxpayers properly received the notice of deficiency at their last known address, so the commissioner satisfied the requirements for mailing the notice of deficiency. We know that the deadline came and went without a petition filed, and we know that a petition was then filed electronically by counsel 10 days late. That petition was dated by hand on the actual due date for the petition, so it seems like something went off at the lawyer's office, not with the taxpayers. In a sense, you may not be disagreeing because I heard your friend, Ms. Varro, say that the record was not sufficiently developed for us to make a determination about whether, in fact, equitable tolling is appropriate here, but she wants us to get to the legal issue of whether 6213 is subject to equitable tolling. Right. I will turn to that. Okay, turn to that. Right away. Okay, so one of the questions, Judge Loya, you asked was, are there any Second Circuit decisions that say that 6213A is jurisdictional? I didn't say say. I said held. So there are a lot of times when we assume certain things. There's no analysis, and there are times when we say, because we have to, we hold. So that's what I'm interested in. Yes, so I'm going to unpack two parts of this. The first is whether the deadline is jurisdictional. All of the prior cases that we cited, we cited every published decision. They are fairly short. They are arguably drive-by jurisdictional rulings, and given the Supreme Court's instruction to revisit those jurisdictional rulings with the benefit of Arbaugh and Progeny, the court should review its prior rulings to make sure they're correct, and we feel that those decisions are correct. There's no reason to throw them out. But the second question, the second related question, which I think dovetails with what my friend is saying, about where the source of the tax court's deficiency jurisdiction comes from, this court has published precedent that identifies the grant of deficiency jurisdiction to be section 6213A, not 6214A. Two decisions in particular. The first is the court's decision in Moretti, and this is Moretti on page 642. It says, and I'm paraphrasing, that the grant of jurisdiction to redetermine deficiencies is in 6213A. The second published opinion I would direct the court to is the 2017 opinion in Chai at page 210. And that decision clearly distinguishes between what it calls the tax court's standard deficiency jurisdiction, which is then augmented by the grant of additional jurisdiction in section 6214A. So 6214 is an augment. Correct. Not the basis. It's the additional scoops of jurisdiction. It's not the original scoop of jurisdiction. Now, if 6213A is the grant of jurisdiction, the only sentence in that clause that could plausibly provide the jurisdictional grant is the first sentence, which contains both the deadline and the creation of the cause of action. Now, the jurisdictional grant is implicit in the cause of action. Ah, when you use the word implicit, it's a problem. You agree with that, given the presumption? We don't, because there has to be a jurisdictional grant, and the jurisdictional grant is in 6213A. Now, courts can create causes of action without some separate grant of jurisdiction, but we're talking about an Article I court. And we explain in a brief how it came to be this way, that there's this confusion or disconnect between what appears to be a very generic grant of jurisdiction and the creation of cause of action that doesn't use the jurisdictional term. But what is clear is if the first sentence of 6213A, which, as far as I'm aware, every court has agreed, is the source of the grant of jurisdiction. Every court here? Every court of appeals, including the Third Circuit and Culp, did not dispute this. Then you have a cause of action, which is also the grant of jurisdiction, which is qualified by satisfying a deadline. Now, I don't see a world where you can read the deadline in the initial clause to be a condition on the cause of action and not also be a condition on the grant of jurisdiction. Now, that just covers the textual aspect of the quote-unquote clear statement rule. But the court is supposed to determine whether there is a clear indication from the text, context, and history of the statute that Congress intended to view this deadline with jurisdictional consequence. We have a good argument on the text. It may not be sufficient on its own after Beckman. But we're not stuck with the text alone. We have context as well. And frankly, context is doing most of the lifting here. This deadline has very obvious significance for the administration of tax collection in many, many ways. And the fact that this deadline, or using the time prescribed, reappears throughout 6213A and other statutes within the code at the very least indicates that this deadline is so significant that it shouldn't be extended except as Congress has stated. Now, Judge Loya, you asked, what if we agree that there is a sufficient number of carve-outs expressed by Congress and refined over decades, I mean literally decades, a century of amendments to the law. So there's 274 and so on. Correct. That over these decades and decades of refining the system, that Congress has serially acted in a way that it did not contemplate courts adjusting the deadline, but only Congress should say. Then that would seem to foreclose equitable tolling. But as far as the government's interests are concerned, in the main, the government's interest in the prompt and certain collection of taxes is protected so long as the deadline can't be changed except as Congress allows, which means no equitable tolling. But that of the three possibilities of construing the statute is the worst for all taxpayers because it means every single taxpayer who files late, however innocently, is going to be out of luck, will be unable to dispute a tax deficiency in a future proceeding where they might otherwise have had the right to do so if they hadn't filed late. Frankly, it's bad for taxpayers on both ends whether they can sometimes be told or never be told because again, at least most, if not all taxpayers. So this would resonate with me, but for the fact that the revenue collection and determination and redetermination process in the Third Circuit has not collapsed in a year. I know it's not been all that long, but since Culp. Well, I see him against my time, but if I can elaborate.  The effects are obvious and they are pernicious even if they're not obvious in all cases. As always. Ah, okay. So one of the problems is that every time a taxpayer files a late petition, however late, it has the effect of arresting assessment and collection and that can occur even after the IRS has otherwise properly assessed a deficiency. So there is the inherent burden on the government of halting assessment and collection of otherwise, as far as the government is concerned, taxes that way. Right. So now you're seeing anybody can come in late and file a petition where they might otherwise see a prompt dismissal and they're getting a complete arrest of the assessment and collection process. The second problem is now that the tax court in cases appealable to the Third Circuit know that if the case is dismissed for timeliness reasons that that dismissal will be preclusive. It's not making things easier. It's making things more complicated and drawing things out as the tax court gives... But you or the IRS made this argument in the Third Circuit, right? Yes, a variation of it. And the Third Circuit basically dismissed it as a theoretical possibility that is seldom if ever to occur. You seem to be disputing that now. I'm not disputing... Well, I don't accept their characterization that this is a problem that's seldom to occur. I also recognize that their concern was too narrowly focused. And if the court looks at Judge Boock's concurring opinion in the Sanders decision from the tax court, which we cite in our brief, it explains all the other ways that this problem will crop up or could have prejudicial effect beyond just someone ultimately filing a refund claim in a court, which is, I think, the only way they tried to assess whether this was a problem. Looking on Westlaw for decisions where someone had done this. But as you know, these cases could resolve in any number of other ways before it ever ripened into a court decision. May I go back? I mean, so really what you're focused on is context plus consequences. I go back to the text. And Ms. Farrow pointed out that in both Supreme Court, obviously the Third Circuit and Culp, focused on the fact that there was not, in the context of those particular provisions, well, the Third Circuit, this provision, a link, a sufficient link, between the jurisdictional hook and the underlying hook. So here, you use the word implicit. I'm just gonna go back. Within 90 days or 150 days after the notice of deficiency authorized in Section 6212 was mailed, the taxpayer may file a petition with the tax court for a redetermination of the deficiency. All right? So there's the filing deadline. And whatever you think of where the jurisdictional basis is, you say that we've said in the past that it's not 6214, it's 6213, but jurisdiction is not explicitly referenced in connection with the filing deadline, in that sense. Would you agree with that? In the first sentence, the word jurisdiction is not there, so I don't disagree with that. Except... First, except... Except, going back to what I said before, that the language that creates the cause of action is also the language that grants jurisdiction, and both the cause of action and, thus, the implicit grant of jurisdiction are qualified, necessarily, by the deadline. Would you agree that 6214 clearly sets out the jurisdictional basis? No. Again, you say it augments what's in 6214. And there are many reasons why. I am sensitive to going over, and I'm happy to answer this in the lab. Answer this question, please. Okay. So, 6214A was added in 1926 when Congress simultaneously cut off the IRS's ability to issue supplemental notices of deficiency once a tax court petition was filed. So once the tax court takes jurisdiction over a petition for redetermination, it controls and will decide everything relevant to that tax year, which means where the IRS could previously have asserted additional amounts, additional deficiencies or penalties by issuing a stat notice or a notice of deficiency, the filing of the petition in time prevents the IRS from doing that. So this provision added in 6214A was supposed to give the IRS the opportunity to flesh out all of the claims that it had within its statute of limitations once the case ended up in the tax court under the tax court's jurisdiction. And textually, you get there by understanding that the very last clause, so 6214A is one very long sentence with a lot of commas. Yes. It has two infinitives in it. One is jurisdiction to redetermine the correct amount of the deficiency, even if greater than. So that's the first infinitive. And the second is to determine if additional amounts, additions, or penalties shall be assessed, both of which are then qualified, if claim therefore is asserted by the secretary before the hearing of the case. So in the text, it makes clear that everything that proceeds, everything that would augment the deficiency amount above what was in the notice of deficiency, either because of additional disagreements about deductions taken or items of income that should be included, or because of penalties that can be assessed for negligence or significant understatement or the like, that the IRS has protected because that's the only chance it's going to get to get those other pieces into the tax year for final determination, which is going to bind both parties. Now, when this provision was added, the first version of the bill would have allowed the tax court, and I think this is the House version of the bill in 26, would have allowed the tax court to redetermine that the deficiency was greater whether or not the IRS asserted a claim for an increase. But in conference committee, the House and the Senate agreed that the increase would only be permitted, increase of the amount and for additional amounts and penalties, if the IRS asserted a claim. So we have a statutory basis. We have statutory history. There's also, I mean, not for nothing, the heading of the provision, which says jurisdiction has to increase. So, and again, what the court said in Chai was... Here's the issue. So now you're relying on statutory history, which is perfectly legitimate. You're relying on context. You're relying a little bit on legislative history, and you're relying on consequences. But there is this presumption that the Supreme Court has, our bosses have made very clear exists where when we look at a filing deadline, we presume that it is non-jurisdictional. That's what you're fighting against. And I, you know, I look at this text, and particularly the first sentence, which is a filing. You don't disagree it's a filing deadline, right? You just say it's a filing deadline where just impliedly there's a jurisdictional element to it. Is that the argument? Well, no, I'm saying that the grant of the cause of action is implicitly the grant of jurisdiction. In that first... And then the deadline applies to both. So if you agree that the grant of the cause of action is conditioned on the deadline, and you agree, as I think you should and must have, that the grant of the cause of action is also the grant of jurisdiction to redetermine deficiencies, I don't see how you can faithfully interpret that sentence to say that the deadline is conditioned, that the cause of action is conditioned on the deadline, but the assertion of jurisdiction is not. But, I mean, the section has an expressed jurisdictional disclaimer, right? There's no jurisdiction to enjoin any action. I mean, wouldn't that seem to suggest that Congress knows how to strip jurisdiction when they want? Well, what I do know is that that language in the fourth sentence was added in 1988, which is 64 years after the Congress of... Well, 60-plus years after the 1926 Congress added this language. So I think in Beckler, they were very sensitive to contemporaneous laws, contemporaneous to 1998, where Congress knew how to use the word jurisdiction and to put conditions on it, and then inferred from that that Congress's failure to do so in 6330d meant that Congress didn't mean to imbue that deadline with a jurisdictional consequence. This is so... I mean, this is decades separated, and you're now imputing a standard which the Supreme Court is holding Congress to today, which the drafters of the 26th legislation would not have been aware of. But what we do know is that the Board of Tax Appeals understood what Congress intended when it enacted the 24 and 26 Act, that the language granting the cause of action and implicitly granting the jurisdiction to return deficiencies... I feel like we're on a different day. I mean, you might be right. The Supreme Court may have it wrong. And maybe let me step back a little bit. Again, I seem very far over my time. No, but this is important. The Supreme Court has characterized this rubric as a clear statement rule, which would seem to elevate text over everything else. But at the same time, they're very clear that magic words are not required, and they're very consistent in emphasizing that we also consider text and the relevant historical treatment. So this is a multi-factor test, but the ultimate goal is to determine what Congress intended when it enacted the deadline. Did it intend to imbue the deadline with jurisdictional significance? Now, in Henderson, so this is a 2011 opinion from the Supreme Court, they characterized this as, is there a clear indication from all of these things? Not this clear statement shorthand, which is really a misnomer, but is there a clear indication? Now, we're looking at a venerable statute. It doesn't use the word jurisdiction. But the way that it functions in this intricate statutory scheme for claim preclusion of refund claims under the predecessor to 6512A and current day 6512A... These are all arguments that were made in Bachmann. They're not. Many of these arguments are made in different contexts, and one after another after another, the Supreme Court says, well, you know, we need a clear indication. So I understand the court's... I don't know if affinity is the word, but yes, Beckler seems like it would be, oh, this seems like a really good signpost for what we should do here. But the context alone is so substantially different between this statute and the statute of Beckler that I don't think Beckler... Let me ask you a separate question. Since Beckler, since, I guess, Culp, have there been any other... Is this issue pending before other courts of appeals? Yes, I'm arguing in the Sixth Circuit on May 7th on the exact same question. And any other court of appeals? No, those are the only two. There are other cases. Thank you. Thank you. We ask that the court affirm the decision below.  Your Honors, my friend here has spoken a lot about the context and the legislative history and all these other factors. But at the end of the day, what he said was the tax court's jurisdiction in Section 6213 is implicit. But he's also said that we've, and I'm not sure that I focused on this, that apparently we've said that the jurisdictional basis is in 6213, not 6214. And we've held that. I do not believe that is the case. I know that in Moretti, that was a drive-by jurisdictional statement. The court's opinion did not turn on whether that... I don't understand what a drive-by jurisdictional statement is, but go ahead. As far as Chai, that case was about the IRS's requirement to approve penalties. So my hunch is that that case also didn't actually decide the issue of the origin of the tax court's jurisdictional grant. But Section 6214 states that the tax court shall have jurisdiction even if the amount exceeds the amount in the Notice of Deficiency. And the key words there are even if, because Congress did not have to use those words if it was just meant to enlarge the jurisdiction in 6213. It could have said the tax court has jurisdiction to determine the correct amount of deficiency exceeds what's stated in the Notice of Deficiency, but it didn't say that. It said even if. And so to hold that Section 6213 and not 6214 contains the jurisdictional grant, then that would mean the words even if are surplusage. And the Supreme Court is, quote, reluctant to treat statutory terms as surplusage in any setting. So for these reasons and the reasons stated in our briefs, we ask this court to find Section 6213A non-jurisdictional, that it is subject to equitable tolling, and to remand this case to tax court to determine whether equitable tolling applies in this case. Thank you. Thank you very much. What was our decision?